Per Curiam. Plaintiff/appellant Antone J. Dias appeals the sua sponte dismissal of all his claims by the
district court for failure to state a claim for which relief can be granted. We affirm the district court
judgment on all counts, except for its dismissal of Dias' claim of deceit. As to that claim, we vacate the
dismissal for failure to state a claim and direct the claim to be dismissed for lack of federal jurisdiction.
Count I of Dias' complaint alleges a violation of federal racketeering law ("RICO"). To sustain a RICO
claim, Dias must show, inter alia, that the defendant involved herself in the commission of at least
two specified predicate acts. Feinstein v. Resolution Trust Corp., 942 F.2d 34, 41 (1st Cir. 1991).
Although Dias alleges numerous violations of federal law, none of those violations qualifies as a predicate
act pursuant to 18 U.S.C. § 1961 (listing specified federal statutes). Similarly, none of the violations of
state law alleged by Dias involves any "act or threat involving murder, kidnapping, gambling, arson,
robbery, bribery, extortion, or dealing in narcotic or other dangerous drugs" which would qualify it as a
predicate act. Id. Dias does allege that defendant was involved in sending him letters threatening
litigation. However, although a threat to sue, if groundless and made in bad faith, may be tortious under 1998 U.S. App. LEXIS 536, *2
state law, it is not extortion under federal law. See I.S. Joseph Co. v. J. Lauritzen A/S, 751 F.2d 265 (8th
Cir. 1984). Since Dias failed to allege the required predicate racketeering acts, this count was properly
dismissed.

Count III of Dias' complaint alleges the tort of abuse of process. The gravamen of this claim is that
defendant sought and obtained an injunction forbidding Dias from instituting further federal
litigation against her. Dias alleges that defendant's "ulterior motive" in obtaining the injunction was to
"prevent adjudication of valid claims against her." Abuse of process occurs when one "uses a legal
process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not
designed." Long v. Long, 136 N.H. 25, 29, 611 A.2d 620, 622 (1992) (quoting Restatement (Second) of
Torts § 682, at 474). Since, as Dias himself alleges, defendant sought the injunction precisely for the
purpose for which it was designed--prevention of further adjudication--he has failed to state a claim for
abuse of process.

Count IV of Dias' complaint alleges that defendant committed the tort of malicious defense by obtaining
through perjury a favorable court judgment. Since one of the elements of a malicious defense action is that
"the previous proceedings [be] terminated in favor of the party bringing the malicious defense action,"
Aranson v. Schroeder, 140 N.H. 359, 367, 671 A.2d 1023, 1029 (1995), Dias' failure to prevail in the prior
case is fatal to this claim.

Count V alleges that defendant's "perver[sion of] the administration of justice" constituted
intentional infliction of emotional distress. To sustain this claim, Dias must show that defendant's conduct
was "extreme and outrageous." Morancy v. Morancy, 134 N.H. 493, 496, 593 A.2d 1158, 1159 (1991).
The only acts alleged in support of this claim, however, are defendant's defense in court against Dias' suit
and her subsequent obtaining of an injunction to prevent further legal action against her. Given that
nothing, aside from Dias' own characterization, suggests that such actions were "extreme and outrageous,"
this claim too was properly dismissed.

Finally, Count II of the complaint alleges the tort of deceit or intentional misrepresentation. Assuming, but
not deciding, that this count states a claim for relief, it must still be dismissed since, standing alone, this
count plainly does not seek damages sufficient to sustain federal diversity jurisdiction. Moreover, this
claim is likely barred by New Hampshire's three year statute of limitations for tort actions. See N.H. Rev.
Stat. Ann. § 508:4, I (Supp. 1993).

The judgment of the district court dismissing counts I, III, IV and V for failure to state a claim is
affirmed . The dismissal of Count II for failure to state a claim is vacated and the court is directed to
dismiss the claim for lack of jurisdiction. 1

1 Appellee requests sanctions against appellant, pursuant to Fed. R. App. P. 38, for bringing a frivolous appeal. However, Rule 38 requires "a
separately filed motion." Since no separate motion was filed, the request is denied.